UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEARL L. DUNN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:16-cv-00148-NCC |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for the Appointment of Counsel (Doc. 3). Petitioner indicates that (1) he believes he is entitled to redress; (2) he is unable to afford counsel; and (3) he has made diligent efforts to obtain counsel including writing more than 20 letters to different attorneys (Docs. 3, 3-1). For the following reasons, Petitioner's motion will be denied without prejudice.

The appointment of counsel for an indigent *pro se* petitioner lies within the discretion of the Court, since there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). *See also Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

Once Petitioner alleges a prima facie claim, the Court must determine Petitioner's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both Petitioner and the Court would benefit from the assistance of counsel. *Edwards v. Dwyer*, 2008 WL 222511 at *1 (E.D.

Mo., January 25, 2008) (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id. See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

After reviewing Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), the Court does not believe that either the factual or legal issues are complex. Moreover, it appears to the Court that Petitioner is clearly capable of articulating and presenting his claims. For these reasons, the Court finds that appointment of counsel is not mandated at this time, and Petitioner's motion should be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for the Appointment of Counsel (Doc. 3) is **DENIED** without prejudice.

Dated this 13th day of April, 2016.

    /s// Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE