# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SEARL L. DUNN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-00148-NCC |
| | ) | |
| JASON LEWIS,[1] | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Searl L. Dunn.  (Doc. 1.)  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 5).  After reviewing the case, the Court has determined Petitioner is not entitled to relief.  As a result, the Court will **DENY** the Petition and **DISMISS** the case.

## I. BACKGROUND

On November 7, 2012, Petitioner was convicted by a jury on one count of the unclassified felony of Attempted Enticement of a Child in the Circuit Court of the County of St. Louis.  (Docs. 9 at 378; 9-1 at 20, 74–76.)   On December 17, 2012, the Circuit Court sentenced Petitioner, a prior offender, to a term of thirty years in prison to be served concurrently with any and all sentences Petitioner was serving in the Missouri Department of Corrections.  (Doc. 9 at 384.)  Petitioner appealed the judgment, raising two claims:

---

[1]  Petitioner is currently incarcerated at Southeast Correctional Center in Charleston, Missouri. (Doc. 17.)  Jason Lewis is the Warden and proper party respondent.  *See* 28 U.S.C. § 2254, Rule 2(a).

(1)  The trial court erred in overruling Petitioner's motion for judgment of acquittal at the close of all evidence and imposing judgment and sentence against him for the unclassified felony of attempted enticement of a child because none of the communications made by Petitioner to B.S. were sufficient to constitute a substantial step toward the enticement of a child; the State failed to prove Petitioner's purpose in making these communications was to entice B.S. to engage in sexual conduct.[2]

(2)  The trial court abused its discretion in admitting references in the interrogation video to Petitioner viewing pornography on the internet because these statements were more prejudicial than probative since many people find pornography greatly offensive, and statements that Petitioner watches pornography on the internet were not necessary to establish any element of the charged offense and inappropriately colored the way the jurors viewed the rest of the evidence in the case.

(Doc. 6-1 at 20–21.)  On October 22, 2013, the Missouri Court of Appeals affirmed Petitioner's conviction and sentence on direct appeal.  (Doc. 6-3; *State v. Dunn*, 411 S.W.3d 872 (Mo. Ct. App. 2013).)

On December 6, 2013, Petitioner filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15.  (Doc. 9-2 at 3.)  On March 18, 2014, with the assistance of counsel, Petitioner filed an Amended Motion to Vacate, Set Aside or Correct the Judgment or Sentence and Request for Evidentiary Hearing.  (*Id*. at 4, 10–25.)  The post-conviction relief court, without conducting an evidentiary hearing, denied Petitioner's post-conviction motion on July 7, 2014.  (Doc. 9-2 at 26–30.)  Petitioner filed an appeal raising the following one issue:

(1)  The motion court clearly erred in denying Petitioner's Rule 29.15 motion for post-conviction relief without an evidentiary hearing because trial counsel was ineffective for failing to request that the court instruct the jury on entrapment since under Missouri law, an entrapment is perpetuated if a law enforcement officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages, or otherwise induces another person to engage in illegal conduct when he was not ready or willing to engage in such conduct; and had the jury had the option of finding that the police solicited, encouraged, or otherwise induced Petitioner to engage in conduct when he was not ready

---

[2]  The Court will follow the practice of the state courts in identifying the victim only by initials when necessary.

and willing to engage in such conduct, there is no reasonable likelihood the jury would have so found here.

(Doc. 6-4 at 16.)  On August 11, 2015, the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief motion.  (Doc. 6-6; *Dunn v. State*, 467 S.W.3d 406, 407 (Mo. Ct. App. 2015).)

On February 4, 2016, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  (Doc. 1.)  Petitioner raises the following six grounds for relief:

> (1)  The trial court erred in failing to grant Petitioner's motion for judgment of acquittal because the state failed to prove the elements of the crime since there was no substantial step toward enticement (Doc. 1 at 16);
>
> (2)  The trial court abused its discretion in admitting references in the interrogation video to Petitioner's viewing of pornography on the internet because those statements were more prejudicial than probative (*id*. at 16–17);
>
> (3)  The motion court erred in denying Petitioner's Rule 29.15 post-conviction claim that trial counsel was ineffective for failing to request the court to instruct the jury on entrapment (*id*. at 17–18);
>
> (4)  The trial court erred in overruling Petitioner's motion to strike for cause Juror 35, Mary Eagan-Grapsas, for cause (*id*. at 18–19);
>
> (5)  Trial counsel was ineffective for failing to investigate and call Officer Carey, who would have testified Petitioner was originally investigated for the offense of "harassment" (*id*. at 19–20); and
>
> (6)  The accumulation of errors in Petitioner's case violated his right to due process (*id*. at 20).

Respondent filed a Response to Order to Show Cause on March 28, 2016.  (Doc. 6.)  Petitioner did not file a reply.

## II.  DISCUSSION

"In the habeas setting, a federal court is bound by the AEDPA[3] to exercise only limited and deferential review of underlying state court decisions."  *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).  Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08.  Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

### A.  Procedural Default

Petitioner's Grounds 4 and 5 are procedurally defaulted and may not give rise to federal habeas relief.  To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a

---

[3]  The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.

fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020–21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. *Id*. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. *Id*. at 1022 (quoting *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Petitioner concedes he failed to raise Grounds 4 and 5 before the state courts. (Doc. 1 at 19, 20.) Citing *Martinez v. Ryan*, 566 U.S. 1 (2012), Petitioner suggests his procedural default of these claims should be excused because of direct appeal counsel's and post-conviction counsel's ineffectiveness in failing to present them. (*Id.*) The Supreme Court created a "narrow exception" and held in *Martinez v. Ryan* that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 9, 17. However, *Martinez* does not apply in this instance.

*Ground 4: Trial Court's Error in Overruling Petitioner's Motion to Strike Juror 35 for Cause*

Petitioner argues that direct appeal counsel was ineffective in failing to present Ground 4. (Doc. 1 at 19.) However, the narrow *Martinez* exception only applies to ineffective assistance of

trial counsel claims, and it is not extended to ineffective assistance of appellate counsel claims. *Davila v. Davis*, 137 S. Ct. 2058, 2070 (2017); *see also Dansby v. Hobbs*, 691 F.3d 934, 937 (8th Cir. 2012) (ineffective assistance of post-conviction counsel cannot constitute "cause" to excuse a procedural default of a claim of ineffective assistance of appellate counsel under narrow *Martinez* exception). Therefore, *Martinez* cannot be used to establish cause to excuse the procedural default of Ground 4, as Petitioner cannot raise an ineffective assistance of appellate counsel claim at this stage. As such, the Court will deny Ground 4 as procedurally defaulted.[4]

*Ground 5: Trial Counsel's Failure to Investigate and Call Officer Carey*

As for the remaining procedurally defaulted claim, Ground 5, the Court finds that *Martinez* does not apply. First, the Court finds that post-conviction counsel did not provide Petitioner with ineffective assistance of counsel. Petitioner states he included this Ground in his original *pro se* Rule 29.15 motion and notes post-conviction counsel failed to present it in the amended motion. (*See* Doc. 1 at 19–20.) He does not provide the Court with any suggestion of purported ineffectiveness other than counsel's alleged failure to present the issue in the post-conviction amended motion. (*Id.*) However, the presumption of effective assistance of counsel can generally only be overcome when the ignored issues are clearly stronger than those presented. *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006). In this case, upon review of the record and addressed in more detail below, the Court finds that post-conviction counsel determined that the claim presented in the amended motion was the most meritorious and one that could be supported. Therefore, "applying a heavy measure of deference to counsel's judgments," post-conviction counsel's decision not to include Ground 5 in the amended motion

---

[4] Moreover, even if Ground 4 were not procedurally defaulted, the record shows, as Respondent correctly notes, that Petitioner never made a motion to strike Juror 35. (*See* Doc. 9 at 131–151.) Therefore, the trial court could not have erred, as there was no motion before the trial court.

"falls within the wide range of reasonable professional assistance" under *Strickland's* deferential

standards. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see also Murphy v.*

*King,* 652 F.3d 845, 850 (8th Cir. 2011), *cert. denied,* 132 S. Ct. 1596 (2012) (quoting *Murray v.*

*Carrier,* 477 U.S. 478, 486 (1986)) (a failure to raise a claim "'despite recognizing it, does not

constitute cause for a procedural default.'").

Second, even if the Court were to find that post-conviction counsel provided ineffective

assistance, the default may be excused *only if* any of the eliminated grounds of ineffective

assistance of trial counsel was "substantial," "which is to say that the prisoner must demonstrate

that the claim has some merit." *Martinez*, 566 U.S. at 14. The Court does not find that to be the

case here.

In considering whether the ineffective assistance of trial counsel claim alleged in Ground

5 is substantial, the Court must evaluate the claims under the *Strickland* standard. *Sund v.*

*Young*, No. 5:14-CV-05070-KES, 2015 WL 4249405, at *4 (D.S.D. July 13, 2015) (listing

cases). Therefore, for an ineffective assistance of counsel claim to be substantial, a habeas

petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel

guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his

defense." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995) (citing *Strickland*, 466 U.S.

at 687). The "performance" prong of *Strickland* requires a showing that "counsel's

representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

Counsel is strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment. *Id.* at 690. To overcome this

presumption, a petitioner must prove that, in light of all the circumstances, the identified acts or

omissions were outside the wide range of professionally competent assistance. *Id.* Even if a

petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 697. To do so, a petitioner must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 669. The court is not required to address both components of the effective assistance of counsel inquiry if a petitioner makes an insufficient showing on one component. *Id.* at 697.

Petitioner argues in Ground 5 that trial counsel was ineffective for failing to call any defense witnesses or investigate information Petitioner provided. (Doc. 1 at 19–20.) In particular, Petitioner states that Officer Carey, the first-reporting officer, would have testified "to the true purpose and intent of original offense of 'harassment.'" (*Id.* at 20.) While Petitioner's argument is unclear, he appears to suggest Officer Carey would have testified the police originally investigated Petitioner for harassment, not enticement of a child. (*See id.*)

The Court finds Petitioner cannot establish that trial counsel's representation fell below an objective standard of reasonableness or that he was prejudiced by counsel's decision. As a preliminary matter, "[g]enerally, trial strategy and tactics are not cognizable in a federal habeas corpus proceeding." *Mills v. Armontrout*, 926 F.2d 773, 774 (8th Cir. 1991) (citation omitted); *Bowman v. Russell*, No. 4:12–CV–0955–JCH, 2015 WL 687179, at *9 (E.D. Mo. Feb. 18, 2015). Petitioner fails to indicate whether Officer Carey would have been available for trial, and, most importantly, how his testimony would have provided Petitioner with a defense. The Court is not convinced from Petitioner's vague and conclusory arguments that Officer Carey would have provided any defense, much less a viable defense, or that the outcome of the trial would have been any different. Even assuming the police initially investigated Petitioner for a different offense, they eventually gathered substantial evidence, discussed in more detail on the merits of

Petitioner's claims, for a jury to convict him of attempted enticement of a child. Therefore, counsel's decision not to call Officer Carey fell within the wide range of reasonable professional judgment, Petitioner has not presented anything to rebut the strong presumption of competency, and Petitioner was not prejudiced. *See Sweet v. Delo*, 125 F.3d 1144, 1154 (8th Cir. 1997) (finding decision not to call a witness a reasonable trial strategy); *Williams v. Armontrout*, 912 F.2d 924, 934 (8th Cir. 1990) (internal quotation omitted) ("Decisions relating to witness selection are normally left to counsel's judgment, and this judgment will not be second-guessed by hindsight."); *Johnson v. Steele*, No. 4:11CV01022 SNLJ, 2014 WL 4627174, at *11 (E.D. Mo. Sept. 12, 2014) (decision whether to call witness is matter of trial strategy) (citing *Hall v. Lubbers*, 296 F.3d 685, 694 (8th Cir. 2002)); *Dorsey v. Steele*, No. 4:08–CV–2005 CEJ, 2012 WL 966818, at *5 (E.D. Mo. Mar. 21, 2012) (citations omitted) ("In order to be entitled to relief on the ground that counsel failed to call witnesses, the petitioner must [establish the witness] . . . would have testified if called and their testimony would have provided a viable defense. . . . If a potential witness' testimony would not have unqualifiedly supported the petitioner, the failure to call such witness is not ineffective assistance of counsel.")

Furthermore, to the extent Petitioner asserts generally without specificity that trial counsel failed to properly investigate the case and call defense witnesses, Petitioner's generalized claim fails. Petitioner names no possible defense witnesses other than Officer Carey and does not elaborate on how any additional testimony or investigation would have led to a different outcome at trial. *See Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996) (quotation and citation omitted) ("To establish prejudice from counsel's failure to investigate a potential witness, a Petitioner must show that the witness would have testified and that their testimony would have probably changed the outcome").

Because Petitioner has been unable to establish any substantial ineffective assistance claim in Ground 5, post-conviction counsel was not ineffective for failing to raise this claim, and Petitioner therefore cannot show cause under *Martinez* to excuse his procedural default. *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014). As a result, the Court will deny Ground 5 as procedurally defaulted.[5]

**B. Non-Cognizable Claims**

Petitioner's Grounds 2 and 6 are not cognizable in a federal habeas corpus action for the reasons discussed below.

*Ground 2: Admission of Evidence Regarding Pornography*

In Ground 2, Petitioner argues the trial court abused its discretion in admitting references in the interrogation video to Petitioner's viewing of pornography on the internet. (Doc. 1 at 16–17.) He contends these statements were more prejudicial than probative because many people find pornography to be greatly offensive, statements that Petitioner watched pornography did not establish any element of the crime, and such statements inappropriately colored the way the jurors viewed the rest of the evidence in the case. (*Id*. at 17.)

The United States Supreme Court has held that "'federal habeas corpus relief does not lie for errors of state law" and that "it is not province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition.

---

[5] As the lines of inquiry are parallel, even if the Court were to find the ineffective assistance of counsel claim in Ground 5 was substantial and could overcome the procedural default bar, the above-detailed *Strickland* analysis applies, and the Court would recommend denial of Ground 5 on the merits.

*Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990); *Johnson v. Steele*, No. 4:11CV01022

SNLJ, 2014 WL 4627174, at *7 (E.D. Mo. Sept. 12, 2014). Federal courts "may not review

evidentiary rulings of state courts unless they implicate federal constitutional rights." *Evans v.

Luebbers*, 371 F.3d 438, 443 (8th Cir. 2004) (citing *Estelle*, 502 U.S. at 68). In order to

implicate a petitioner's constitutional due process rights, an evidentiary mistake must be "so

egregious that [it] fatally infected the proceedings and rendered [Petitioner's] entire trial

fundamentally unfair." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). *See Dowling v.

United States*, 493 U.S. 342, 352-54 (1989) (noting that evidentiary issues only implicate the

Due Process Clause where they threaten "fundamental conceptions of justice").

The trial court's evidentiary ruling was not so egregious that it rendered Petitioner's

whole trial fundamentally unfair. As background, the Missouri Court of Appeals noted on direct

appeal that the victim, B.S., who was eleven years old when the crime occurred, met Petitioner

on a couple occasions because he was B.S.'s "grandma's best friend's husband." (Doc. 6-3 at 3.)

Thereafter, Petitioner reached out to B.S. on Facebook. (*Id.*) As Petitioner's messages became

bothersome, B.S. reported the communications to her mother. (*Id.*) The mother assumed B.S.'s

identity, and the communications became sexual, at which point the mother reported the

incidents to the police. (*Id.*) A police officer then assumed B.S.'s identity, and the police

eventually identified and arrested Petitioner. (*Id.* at 3–4.) During Petitioner's interrogation, he

stated he visited pornography sites and was watching pornography when the police arrived at his

house. (*Id.* at 8.) The Missouri Court of Appeals found these statements were not more

prejudicial than probative. (*Id.*) First, the court reasoned there were almost one hundred pages

of sexually explicit chats between Petitioner and B.S. or a person he thought to be B.S.

introduced at trial. (*Id.* at 9.) Because this evidence was sufficient for a jury to conclude

Petitioner was guilty, the state court found the admission of a few references to Petitioner's viewing of pornography was not so prejudicial as to change the outcome of the case. (*Id*.) Second, because Petitioner discussed pornography with a person he thought to be B.S. and did not object to these references at trial, the state court concluded the jury was already aware of Petitioner's familiarity with pornography. (*Id*.) Therefore, it followed that no prejudice could have resulted from these additional few references to adult pornography. (*Id*.) As a result, the state court held the trial court did not abuse its discretion under Missouri law in admitting the references to pornography in the interrogation video. (*Id*. at 9.)

The explanation given by the Missouri Court of Appeals warrants deference and is not contrary to or an unreasonable application of federal law in light of the overwhelming sufficiency of evidence of Petitioner's guilt, discussed below on its merits. *See*, *e.g.*, *United States v. Summage*, 575 F.3d 864, 877 (8th Cir. 2009) ("Even if any rulings [regarding the admission of pornography evidence] were erroneous, they would have had little, if any, effect on the jury's verdict, given the strength of the evidence against [defendant]."); *Dowling*, 493 U.S. at 353 (finding admission of petitioner's involvement in previous potentially offensive activity related to convicted offense did not violate due process test of fundamental unfairness when evidence was "at least circumstantially valuable in proving petitioner's guilt."). Therefore, the Court will deny Ground 2 as non-cognizable.

*Ground 6: Cumulative Errors*

Petitioner argues generally that the accumulation of errors in his case violated his right to due process. (Doc. 1 at 20.) As an initial matter, Petitioner did not raise this argument before the state courts. Moreover, to the extent Petitioner asserts the cumulative effect of these alleged errors would have resulted in a different outcome, "[e]rrors that are not unconstitutional

individually cannot be added together to create a constitutional violation." *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) (citation omitted). *See also Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) ("a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test."); *United States v. Robinson*, 301 F.3d 923, 925 n. 3 (8th Cir.2002) (recognizing "the numerosity of the alleged deficiencies does not demonstrate by itself the necessity for habeas relief," and noting the Eighth Circuit's rejection of cumulative error doctrine); *Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir.1990) (citation omitted) (holding "cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own"). Therefore, the Court will deny Ground 6.

### C. Merits

For the following reasons, the Court will also deny the remaining claims, Grounds 1 and 3, on the merits.

*Ground 1: Trial Court's Error in Failing to Grant Motion for Judgment of Acquittal*

Petitioner argues the trial court erred in failing to grant Petitioner's motion for judgment of acquittal because the state failed to prove the elements of the crime since there was no substantial step toward enticement. (Doc. 1 at 16.) As support, Petitioner argues no meeting was set up,[6] and the state introduced no evidence that the events "went any farther than offensive language." (*Id.*)

_____

[6] Petitioner acknowledges reference was made during the Facebook chats to meeting at a YMCA, but Petitioner states "the police initiated" this discussion. (Doc. 1 at 16.) To the extent this can be construed as an entrapment argument, the argument fails for the reasons discussed below on Ground 3. Petitioner also appears to object to a detective's testimony at trial that Petitioner was "grooming" B.S. since he was "not on trial for 'grooming.'" (*Id.*; *see also* Doc. 9 at 247–48.) To the extent Petitioner's argument can be construed as a challenge to the state court's evidentiary ruling, the Court finds that claim is procedurally defaulted and would fail nonetheless. *See*, *e.g.*, *United States v. Bagley*, No. 10-00244-01-CR-W-DW, 2011 WL

In reviewing a claim of insufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In applying this standard, the scope of review is extremely limited. The Court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the State, and the Court must defer to that resolution. *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003).

Articulating and applying a standard parallel to *Jackson*, the Missouri Court of Appeals held on direct appeal that there was sufficient evidence for the jury to conclude Petitioner attempted to entice the victim. (Doc. 6-3 at 4.) After setting out the relevant statutory definition of attempted enticement of a child, the court recited the following Facebook transcript excerpt between Petitioner and B.S., which was introduced at trial:[7]

---

7267874, at *8 (W.D. Mo. Dec. 27, 2011) (noting various circuits have concluded testimony of grooming a victim is admissible).

[7] The Missouri Court of Appeals recited the following relevant Missouri law:

> To convict Defendant of attempted enticement of a child, the State had to prove beyond a reasonable doubt that Defendant: (1) was 21 years or older; (2) communicated with someone he believed to be under the age of fifteen years old; (3) communicated with the specific purpose of enticing, soliciting, coaxing, persuading, or luring her to engage in sexual conduct; and (4) committed an act which constituted a substantial step toward the commission of that offense. Section 566.151; *State v. Davies*, 330 S.W.3d 775, 787 (Mo. App. W.D. 2010). Section 564.011 provides, in pertinent part "a 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." An arranged meeting is not required to prove the commission of the crime of child enticement. *State v. Almaguer*, 347 S.W.3d 636, 640 (Mo. App. E.D. 2011). A defendant can be found guilty based upon statements made during chats on the internet. *Id*.

(Doc. 6-3 at 4.)

Defendant: you can't get away from the house so we probably couldn't do it now but someday if you could get away from the house we could

B.S.: ya

Defendant: do you have a phone

B.S.: no i have to use grandmas why

Defendant: I just thought some day you might be able to get out by yourself and I could meet you or something

B.S.: maybe when mom drops me off [at the recreation center]

Defendant: how long are you usually there and does anyone stay with you or anything and what days do you go

B.S.: whenever i ask mom to take me she usually drops me off and goes shopping at schnucks

Defendant: and how does she know when to come get you

B.S.: she'll ask how long or i call her from the [recreation center]

Defendant: does the people at the [recreation center] or anyone know you are leaving

B.S.: i never sign out when anyone pics me up

Defendant: so where is this [recreation center]

B.S.: like right off the highway by my house in the city

Defendant: is it there on broadway

B.S.: no its on lofburo

Defendant: I know where lofboro is, is it close to tht park

B.S.: yep

Defendant: so if I met you there were nobody could see us tell me what you would like me to do to you its your turn to talk sexy (smile)

B.S.: i would let you sux my boobs and then take my underwear off so I could feel your hand on me down there

Defendant: baby that sound good but try that again and tell me where you want my tongue and whe you want my hand to rub you

B.S.: i want your tongue on my breasts and yor hand on my pussy

Defendant: now remember when we were talking about us being in a car alone and I would suck your breast and rub your pussy after you took your panties off, would you like me to go further

B.S.: i don't know maybe if it felt real good wat would u like me to do

Defendant: remember the movies where the girl would take the guys dick out of his pants and play with his dick

B.S.: ya

Defendant: would you like to do that to me while i suck on your breast and stroke my fingers between the soft beautiful lips of your pussy

---

Typographical and grammatical errors are in the original, and the Court has not used "*sic*" for readability. Moreover, the Court refers to the chatting parties as Movant and B.S. though, at this point, a police officer had assumed B.S.'s identity. (Doc. 9 at 272–73; 284–87.)

B.S.: it sounds nice like it would -- I can't read that word again.
Defendant: have you ever seen a porn movie where couples were fucking
B.S.: ya my friends dad has some dvds in their room

(*Id*. at 4–5.)  The state court found this testimony was sufficient to establish Petitioner took a

substantial step toward enticing B.S. for the purpose of engaging in sexual conduct.  (*Id*. at 5–6.)

Interpreting Missouri law, the court rejected Petitioner's argument that he did not make definite

arrangements to meet with B.S., holding the state was only required to prove he took a

substantial step toward enticing B.S. for the purpose of engaging in sexual conduct, and not that

he took a substantial step to actually engage in the conduct.  (*Id*. at 7.)  The court reasoned the

state met this burden because the cited testimony demonstrated Petitioner coaxed a person he

thought was B.S. to masturbate and think of him engaging in sexual acts, he discussed his desire

to meet with B.S. at a recreation center and engage in sexual activity there, and he discussed

specifically how B.S. could evade her mother and staff.  (*Id*.)  Therefore, the Missouri Court of

Appeals held the trial court did not err in overruling Petitioner's motion for judgment of acquittal

at the close of evidence.  (*Id*. at 8.)

To the extent Petitioner is asking this Court to re-examine the state court's application of

Missouri law, that claim is not cognizable.  Since the Missouri appellate court relied squarely on

its interpretation of state law in concluding Petitioner's Ground 1 was without merit, this Court

must defer to the state court on the interpretation of state law on habeas review.  *See Schleeper v.

Groose,* 36 F.3d 737, 737 (8th Cir.1994) (federal habeas court is not authorized to re-examine

state court's determination of state law). *Cf. Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir.1994) (it

is not the province of a federal habeas court to reexamine state court determinations on state law

questions; petitioner's claim was based only on Missouri law and actions of Missouri officials

and thus may be addressed only by the Missouri courts); *Higgins v. Smith,* 991 F.2d 440, 442

(8th Cir.1993) (error in the interpretation and application of state law does not rise to the level of a constitutional violation cognizable in a federal habeas petition).

Regardless, in analyzing the sufficiency of the evidence, the Missouri Court of Appeals reasonably determined the evidence was sufficient to convict Petitioner. Because the appellate court correctly identified and applied a standard parallel to *Jackson*, the court's decision warrants deference under 28 U.S.C. § 2254(d). *See Dansby v. Hobbs*, 766 F.3d 809, 818 (8th Cir. 2012). The facts cited by the appellate court enjoy support in the record, as the court accurately recited the Facebook transcript presented in the state court proceedings. (Doc. 9 at 284–87.) Upon hearing this testimony, any rational juror could have concluded Petitioner was guilty of attempted enticement of a child. *See Jackson*, 443 U.S. at 319. This is particularly so given that the testimony cited by the state court was just one small excerpt in a series of approximately one hundred pages containing detailed and sexually graphic communications between Petitioner and the person whom he thought was B.S., the contents of which further support the jury's decision. (*See*, *e.g.*, Doc. 9 at 5, 208–26, 257–65, 274–94.) In light of the significant evidence of Petitioner's guilt, the Missouri Court of Appeals reasonably applied the governing standard to Petitioner's case. *See*, *e.g.*, *Smith v. Villmer*, No. 4:15CV767 HEA, 2018 WL 3496507, at *4 (E.D. Mo. July 20, 2018) (citing *Cavazos v. Smith*, 565 U.S. 1, 3 (2011) (denying habeas relief and finding evidence was sufficient to support jury's enticement of child conviction, noting "[i]t is the responsibility of the jury, not a reviewing appellate or habeas court, to determine what conclusions to draw from the evidence"). Therefore, the Court will deny Ground 1.

*Ground 3: Trial Counsel's Failure to Request Entrapment Instruction*

In Ground 3, Petitioner asserts the motion court erred in denying with no hearing Petitioner's Rule 29.15 post-conviction claim that trial counsel was ineffective for failing to

request an entrampment instruction. (Doc. 1 at 17–18.). Petitioner contends an instruction was warranted because the police solicited, encouraged, or otherwise induced him to engage in conduct when he was not ready and willing to engage in such conduct. (*Id*. at 18.) Out of the approximately one hundred pages of Facebook transcripts, Petitioner points to one exchange, totaling a few lines, where he states "I know you could never go anywhere with me alone, but we could pretend we were alone and stuff like that." (Doc. 9 at 218.) Based on this sole statement, Petitioner argues the motion court's ruling violated his constitutional rights, including his right to due process, effective assistance of counsel, and a fair trial.[8] (Doc. 1 at 18.)

As this Ground involves ineffective assistance of counsel, the Court will analyze the claim based on the *Strickland* standards set out above. "Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)). First, Petitioner must overcome the high bar of the *Strickland* standards. *Id*. at 831 ("First, "[U]nder *Strickland,* the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is 'reasonably likely' that the result would have been different absent the errors") (citing *Strickland*, 466 U.S. at 696). Under

---

[8]  To the extent Petitioner asserts the post-conviction state courts erred in denying him an evidentiary hearing under Missouri Rule 29.15 as part of Ground 3, that claim is non-cognizable. In the Eighth Circuit, a challenge to a collateral state post-conviction proceeding does not amount to a "constitutional challenge to the detention itself." *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994) (citing *Williams-Bey*, 894 F.2d at 317); *see also Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) (internal quotations and citations omitted) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application."); *Gee v. Groose*, 110 F.3d 1346, 1351–52 (8th Cir. 1997) (motion court's allegedly "rigid" application of Rule 29.15 amounted to infirmity in state court proceedings and did not raise constitutional issue cognizable in federal habeas petition).

AEDPA, the Court "must then give substantial deference to the state court's predictive judgment." *Id.*

The post-conviction appellate court applied *Strickland* and found, in a lengthy and detailed opinion, that the trial court would not have submitted an entrapment instruction had trial counsel requested one. (Doc. 6-6 at 6.) The Missouri Court of Appeals recited the relevant standards for entrapment under Missouri law, including a subjective two-part test under which "'[a] defendant must present evidence of both inducement to commit an unlawful act and the absence of willingness to engage in such conduct.'" (*Id.*) (alterations in original) (citing Missouri statutory and case law).[9] The basic question under Missouri law is whether a defendant's criminal activity was caused by the defendant's own predisposition. (*Id.*) Petitioner argued on post-conviction appeal that the officers posing as B.S. tried to steer him toward a time and place to meet B.S. and that he did not make plans and instead led the conversation in another direction. (*Id.* at 7.) However, the post-conviction appellate court wholly rejected Petitioner's arguments that he was unwilling and did not have a predisposition to try to entice B.S. to engage in sexual conduct. (*Id.* at 9–11.) First, though Petitioner did not set up a specific time and place to meet, the court found he asked if B.S. could go out alone and inquired in detail about how he could meet with her alone at a recreation center, including how long she was there, if she went there alone, whether she could leave undetected, and exactly where it was located. (*Id.* at 9.)

---

[9] Under Missouri law,

> an "entrapment" is perpetuated if a law enforcement officer or a person acting in cooperation with such an officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages or otherwise induces another person to engage in conduct when he was not ready and willing to engage in such conduct.

(Doc. 6-6 at 7) (citing Mo. Rev. Stat. § 562.066.2). The post-conviction court also cited the relevant statutory language for attempted enticement of a child. (*Id.* at 7) (citing Mo. Rev. Stat. § 566.151). *See supra* n.7.

The court found these exchanges demonstrated Petitioner was willing to encourage and persuade B.S. to engage in sexual conduct. (*Id*.) Second, the court found Petitioner was not induced because he began his attempts to entice B.S. before the officers assumed B.S.'s identify. (*Id*.) The court pointed to excerpts from the Facebook transcript where Petitioner referred to B.S. as a "sexy lady," asked if she liked older guys, and told her he wanted her to be his "secret girl" so they could "talk sexy" to each other, well aware that B.S. was only eleven. (*Id*.) The court further noted Petitioner asked B.S. if she knew what sex was and explicitly described various sexual acts, including playing with a man's genitalia. (*Id*.) The court found these exchanges demonstrated "[f]rom the first time he contacted B.S. on Facebook, [Petitioner] was clearly aware of the inappropriate nature of his messages as he repeatedly expressed concerns about privacy and reminded B.S. to delete their chats." (*Id*.) Third, the court found Petitioner's own admissions established he was predisposed to entice a child to engage in sexual conduct. (*Id*. at 10.) Before B.S.'s mother called the police, Petitioner admitted in the Facebook chat both his attraction to and prior involvement with girls B.S.'s age:

> [Petitioner]: [C]an you keep a secret
> B.S.: yes why
> [Petitioner]: recently I had a girlfriend who had a daughter and she and I got together but she couldn't keep a secret and told her best friend and they told her mom, that caused quite a row
> B.S.: That sucks
> [Petitioner]: Yeah obviously me and the girlfriend aren't together anymore and the daughter gets on the facebook and sends me sexy messages but I was afraid it would get her in trouble so I told her not to do it anymore, I didn't know these messages were deleted now I got to find me another young lady to talk sexy with
> B.S.: like what
> [Petitioner]: some one as beautiful as you of course
> . . .
> B.S.: so you like girls my age
> [Petitioner]: yes I do like girls your age, do you mind

(*Id.* at 10.)  Therefore, the post-conviction appellate court concluded the record "clearly refute[d]" Petitioner's argument he was unwilling to entice B.S., and trial counsel was not ineffective for failing to request an instruction that had no evidentiary support.  (*Id.* at 11.)

The post-conviction court reasonably applied *Strickland*.  Even assuming trial counsel's alleged ineffectiveness in failing to request an entrapment instruction is cognizable in federal court,[10] the post-conviction court's decision was not contrary to or an unreasonable application of clearly established federal law.  The Missouri Court of Appeal's decision is well reasoned and well supported by the record.  The exchanges between Petitioner and B.S., which the post-conviction court accurately discussed and analyzed, solidly contradict Petitioner's argument that he was entrapped by police, particularly given the sexual nature of exchanges before the police were involved.  (*See*, *e.g.*, Doc. 9 at 204–26.)  Applying the facts to Missouri law, the post-conviction court reasonably found an entrapment instruction would not have been successful.

---

[10]  Though Respondent does not raise the argument, Petitioner's Ground 3 may not even be cognizable in a federal court.  Petitioner's claim for habeas corpus relief must be based on a violation of the Constitution or laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a). The Eighth Circuit Court of Appeals has held explicitly, "[T]he entrapment defense is not of constitutional origin. Rather, it is a defense which focuses on the intent or predisposition of the defendant to commit the crime." *United States v. York*, 830 F.2d 885, 890 (8th Cir. 1987) (internal citations omitted).  *See also United States v. Russell*, 411 U.S. 423, 428-36 (1973) (refusing to adopt blanket constitutional rule that entrapment was based on violation of constitutional right).  As a result, some courts in this circuit have concluded habeas claims based on entrapment are non-cognizable and will only implicate federal rights if the government's conduct was so extremely outrageous as to amount to a due process violation.  *See*, *e.g.*, *Rufus v. Sayler*, No. 1:17-CV-96, 2018 WL 1003885, at *6 (D.N.D. Feb. 21, 2018) (summarily dismissing entrapment claim as outside of habeas review, concluding entrapment defense not a cognizable basis for habeas relief because it is not a constitutional defense); *Reves v. Kelly*, No. 4:16-CV-4020, 2017 WL 925010, at *1–2 (W.D. Ark. Feb. 8, 2017) (noting that "[m]ost of the United States Courts of Appeal which have addressed the issues of entrapment as basis for Federal *habeas corpus* relief have reached the conclusion such claims are not cognizable in a § 2254 petition" and finding the government's conduct was far from the level of outrageous conduct necessary to violate due process) (collecting cases).  Because Respondent addressed Ground 3 on the merits, the Court will do the same.  However, for the reasons discussed, the Court finds the government's conduct in this case did not rise to a level of outrageousness so as to implicate Petitioner's constitutional rights.

This Court defers to that well-supported finding, because "it is not the province of a federal habeas court to reexamine state-court determinations of state-law questions." *Estelle*, 502 U.S. at 67–68. Based on that finding, the post-conviction appellate court reasonably determined, consistent with federal law, that trial counsel was not ineffective for failing to request an instruction that had no evidentiary support. *See Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991) (counsel not ineffective for failure to raise meritless issue). *See also Flemons v. Kelley*, No. 5:17-CV-00187-BRW-JTK, 2018 WL 6031348, at *7–8 (E.D. Ark. Nov. 16, 2018) (deferring to state court decision and finding state court was not clearly erroneous in denying post-conviction relief because trial counsel's failure to request entrapment instruction was reasonable trial strategy and, therefore, not deficient under *Strickland*); *Smith*, 2018 WL 3496507, at *4 (denying habeas relief when the "record belies the existence of any evidence in support of such an instruction submission" on entrapment); *Kass v. Houston*, No. 8:11CV426, 2016 WL 1180183, at *5 (D. Neb. Mar. 25, 2016) (denying habeas relief and holding state courts reasonably refused entrapment instruction under state law in finding petitioner was predisposed to crime because he initiated contact, was the first to refer to a sexual topic, and could have ended the conversation). Trial counsel's failure to request an entrapment instruction therefore falls within the wide range of deference given to an attorney's strategic decisions. *See, e.g.*, *Strickland*, 466 U.S. at 69-91; *see also Mills v. Armontrout*, 926 F.2d 773, 774 (8th Cir. 1991) (citation omitted) ("Generally, trial strategy and tactics are not cognizable in a federal habeas corpus proceeding."); *Bowman v. Russell*, No. 4:12-CV-0955-JCH, 2015 WL 687179, at *9 (E.D. Mo. Feb. 18, 2015) (same). As a result, the post-conviction appellate court's conclusion that Petitioner's arguments failed on the performance prong was not contrary to or an unreasonable application of clearly established federal law. Moreover, because the appellate

court reasonably concluded the trial court would not have submitted an entrapment instruction if counsel had requested one, Petitioner fails to demonstrate prejudice. The Court will deny Ground 3.

## III. CONCLUSION

For the reasons stated above, the Court finds Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued. 28 U.S.C. § 2253.

Dated this 21st day of February, 2019.

        /s/ Noelle C. Collins        
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE